```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN DEAN,<br><br>         Plaintiff,<br>   v.<br><br>STATE OF NEW JERSEY,<br><br>         Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-06246 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

John F.Dean, Plaintiff Pro Se
1029 Kenwood Ave
Camden, NJ 08103

**SIMANDLE, Chief District Judge:**

    1.    Plaintiff John Dean seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the State of New Jersey. Complaint, Docket Entry 1.

    2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.   To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5.   The complaint reads in its entirety: "Knowingly possess a handgun without first obtaining a permit to do so specifically by carry[ing] a black in color semi-automatic handgun on the 1000 block of Kenwood Ave when he engaged in violation of N.J.S. § 2C:39-5B, possession of a handgun. This is a second degree." Complaint § III. The Court is unable to determine what kind of claim Plaintiff is attempting to assert from the recitation of what appears to be a charging document,

and the complaint must therefore be dismissed. *See* Fed. R. Civ. Pro. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

6.  As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

7.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[1] *Id.*

8.  For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

---

[1] The amended complaint shall be subject to screening prior to service.

3

9.  An appropriate order follows.

**October 28, 2016**        **s/ Jerome B. Simandle**
Date        JEROME B. SIMANDLE
      Chief U.S. District Judge

4